# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARQUINCY LEE CARR,

      Plaintiff,

v.

POLLYANNA KABARA, BIJI JOSEPH, and DAVID ZOERNER,

      Defendants.

Case No. 24-CV-255-JPS

**ORDER**

  Plaintiff ArQuincy Lee Carr, an inmate confined at Kenosha County Detention Center ("KCDC"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and for a hearing/preliminary injunction, as well as screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On April 9, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $0.00. ECF No 7. The Court will grant Plaintiff's motion for leave

to proceed without prepaying the filing fee. ECF No. 3. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

During all relevant times, Plaintiff was a pretrial detainee in KCDC. ECF No. 1 at 2. Plaintiff brings this action against Defendants Pollyanna Kabara ("Kabara"), Biji Joseph ("Joseph"), and David Zoerner ("Zoerner") *Id.* Plaintiff asserts that he had a heart attack on or about November 10, 2023. *Id.* He was in preparation to have surgery prior to his arrest on November 16, 2023. *Id.* at 3. Once arrested, he was taken to Kenosha County Pre-Trial Facility ("KC") with an IV in his arm. *Id.* Plaintiff was taken to the hospital after KC refused him because of the IV. *Id.* Plaintiff was taken back to KC once the hospital removed the IV and cleared him. KC denied him clearance again and sent him back to the hospital. *Id.*

On November 21, 2023, Plaintiff was taken to St. Luke's hospital for open heart/quadruple by-pass surgery the following day. *Id.* Plaintiff had a vein cut from his right leg and it was used to bypass damages vessels in his heart. *Id.* The surgery was successful, and Plaintiff was discharged from the hospital on November 26, 2023 because he had a court appearance the following day. *Id.*

Plaintiff alleges that he has had many post-surgery issues and that Defendants have done minimal amounts of work to treat his issues. *Id.* Prison officials do not respond to grievances and have caused issues for Plaintiff. *Id.* at 4. The doctor, Joseph, only visits Kenosha County Detention

Page 3 of 10
Case 2:24-cv-00255-JPS   Filed 06/20/24   Page 3 of 10   Document 12

Center ("KCDC") about two to three times per month. *Id.* The nurse, Kabara, is there daily but she mostly deals with mental health. *Id.*

Plaintiff had a knot in the back of his right leg. *Id.* According to a follow-up visit with his surgeon, the knot did not come from surgery. *Id.* Plaintiff has been complaining of this issue and Kabara claimed to have put in an order for an ultrasound on January 15, 2024. *Id.* As of January 26, 2024, no ultrasound had been provided. Plaintiff was also complaining about leg swelling and Kabara and Joseph provided no remedy. *Id.* Plaintiff has ongoing health issues and Kabara and Joseph refused to send him to a hospital for a second opinion. *Id.*

### 2.3 Analysis

Plaintiff alleges that he was a pretrial detainee during the relevant time period. ECF No. 1 at 2. A § 1983 claim that a state pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *James v. Hale*, 959 F.3d 307, 318 (7th Cir. 2020) (citing *Miranda v. County of Lake*, 900 F.3d 335, 346–47 (7th Cir. 2018)). Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. *Id.* The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. *Id.* First, he must show that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of her response to the medical condition at issue in the case. *Id.* (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. *Id.*

Here, the Court finds that Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment medical claim against Kabara and

Joseph. Plaintiff claims he has not been receiving adequate medical care following open-heart surgery. Although Plaintiff's allegations are somewhat vague regarding his care and Defendants' responses, the Court finds that Plaintiff may proceed at the screening stage. Plaintiff may not, however, proceed against Zoerner because he does not allege any facts to show Zoerner was aware of Plaintiff's medical requests and failed to act. As such, Plaintiff may proceed on a Fourteenth Amendment medical claim against Kabara and Joseph.

### 3. PRELIMINARY INJUNCTION

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th

Page 5 of 10
Case 2:24-cv-00255-JPS   Filed 06/20/24   Page 5 of 10   Document 12

Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff seeks a conference call with the Court because he is being denied phone calls and access to the library. ECF No. 11. Plaintiff also vaguely alleges that his medical treatment is inadequate because he has lost over thirty pounds on a cardiac diet when he is supposed to be on a mediterranean diet. *Id.* First, Plaintiff's case is about inadequate medical care and not access to the courts; Plaintiff must file a separate case explaining in detail how his access to courts is denied, if applicable. Second, while the Court can certainly understand that Plaintiff may feel he is being treated unfairly by prison officials, his submissions do not meet the high threshold required for the entry of preliminary injunctive relief. Plaintiff has not shown a likelihood of success on the merits of his case or that irreparable harm is likely to occur in the absence of Court intervention. *See D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016); *Winter*, 555 U.S. at 22 (a preliminary injunction requires a "clear showing that [the plaintiff] is entitled to such relief"). As such, the Court is obliged to deny Plaintiff's motion for injunctive relief.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment inadequate medical care claim against Kabara and Joseph.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Zoerner be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiff's motion for hearing/preliminary injunction, ECF No. 11, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants **Kabara and Joseph** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2),

(a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Kabara and Joseph** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk

of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.