UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARQUINCY LEE CARR,<br><br>      Plaintiff,<br><br>v.<br><br>BIJI JOSEPH,<br><br>      Defendant. | Case No. 24-CV-255-JPS<br><br>**ORDER** |

  Plaintiff ArQuincy Lee Carr ("Plaintiff"), an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On June 20, 2024, pursuant to 28 U.S.C. § 1915A, the Court screened his complaint and allowed Plaintiff to proceed on a Fourteenth Amendment inadequate medical care claim against Defendants Kabara and Joseph. ECF No. 12. On March 25, 2025, the Court dismissed Defendant Kabara with prejudice. ECF No. 56. On May 7, 2025, the Court denied the parties' motion to substitute parties. ECF No. 61. Now pending before the Court are Defendant Joseph's (hereinafter "Defendant") motion to enforce settlement, ECF No. 67, Plaintiff's motion for contempt of court, ECF No. 81, and Plaintiff's motion for order, ECF No. 85.

  As to Plaintiff's initial responsive filings to the motion to enforce settlement, it initially seemed like the parties disagreed as to the facts related to the settlement and that a hearing may be needed; however, Plaintiff's later filing suggested that the parties were in agreement. As such, the Court previously ordered the parties to meet and confer on the settlement issue and indicated that an evidentiary hearing would likely be

needed if the parties could not resolve the matter. ECF No. 84. Thereafter, the parties notified the Court that they were unable to resolve the issue during the meet and confer. ECF No. 86.

Defendant's motion to enforce the settlement seeks the Court's intervention to find that the parties' agreement is a valid and enforceable settlement. ECF No. 67 at 4. Defendant asks the Court to exercise its inherent or equitable power to enforce a settlement agreement in a case before it. *Id.* (citing *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995)). Defendant also seeks to order that the settlement proceeds due to Plaintiff be sent to Illinois' Department of Healthcare and Family Services to satisfy a child support lien. *Id.* In support of her motion, Defendant provided a copy of the general release of all claims signed by Plaintiff (restricted to case participants and attorney of record) and a notice of child support obligation sent by the third-party claims administrator for Defendant's employer. ECF Nos. 68-1, 68-2.

Plaintiff has filed numerous responses regarding the motion to enforce settlement, including a letter, response brief, a motion for contempt, an affidavit for settlement proceeds, and responses to Defendant's letter about the failed meet and confer. ECF Nos. 74, 76, 81, 88, 89.[1] Plaintiff's position is somewhat difficult to follow. He states, "this is attorney number three" and that Defendant's action was a "'skillful tactic'…to refuse to honor their end of the bargain, which in essence is 'bad faith.'" ECF No. 76 at 1. He further argues that defense counsel "should be held accountable for their 'switch and bait' tactics…." *Id.* at 3. Plaintiff maintains that Defendant's actions following the signing of the document "voided any and

---

[1]The Court notes generally that Plaintiff's filings are sometimes extremely difficult to read. It has used its best judgment and effort to understand Plaintiff's position.

all of previously discussed settlement" because it is clear that she breached the agreement. ECF No. 88 at 1.

As Defendant indicates, district courts have the authority to enforce settlement agreements in cases pending before them. *Wilson*, 46 F.3d at 664 ("[A] district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it."). The Court construes the settlement agreement here under Wisconsin contract law. *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000); *see also United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1219 (7th Cir. 1990) ("In Wisconsin, courts are to construe settlement agreements and other forms of releases as contracts."). "When there is an arguable dispute of material fact over the existence or terms of a settlement agreement, the district court should conduct an evidentiary hearing to resolve the matter." *Boyd v. Kussmaul*, No. 18-CV-768-WMC, 2023 WL 4450138, at *7 (W.D. Wis. July 11, 2023) (citing *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004); *Wilson,* 46 F.3d at 664).

In *Hampton v. Ahmed*, No. 20-CV-1300-DWD, 2024 WL 4165122 (S.D. Ill. Aug. 1, 2024), a district court considered a similar issue. *Id.* at *1 ("The issue presented is whether the Plaintiff is free to unilaterally rescind an agreement to settle his lawsuit because he was unaware at the time of mediation that the State of Illinois must enforce a lien for the recovery of unpaid child support."). There, the factual scenario was somewhat different because the settlement in question happened at mediation. *See id.* The mediation resulted in settlement as to various defendants; the report from the medication indicated that additional time was needed to consummate the settlement agreement. *Id.* The plaintiff later would not sign the agreement because it contained a clause indicating that parts or all of the

settlement could be withheld for child support. *Id.* Once that happened, the court "invited the parties to give their respective positions regarding a possible recission of the settlement agreement." *Id.* The court then ordered a transcript of the mediation proceedings to help determine whether an agreement was reached. *Id.* at *2. The court found that no evidentiary hearing was needed because there was no "dispute that an agreement to settle was struck, and the objective evidence in the record confirms the parties were able to reach a meeting of the minds." *Id.* The court then found that recession of the contract was not warranted based on the facts presented. *Id.* at *3. Based on these circumstances, the court found that the settlement agreement was complete, valid, and enforceable. *Id.* at 4.

Here, the Court finds that disputed facts exist to warrant an evidentiary hearing. Unlike the *Hampton* case, the record is far from clear whether the parties reached a meeting of the minds or whether the settlement agreement is invalid for other reasons. There is minimal information in the record about the parties' interactions prior to signing the settlement agreement. The timing as to why Defendant discovered the child support lien only after a settlement was reached is also unclear. The Court also is mindful of Plaintiff's pro se status. Although Plaintiff's exact position is not entirely clear, his allegations suggest at least some type of inequitable conduct by Defendant. If defense counsel had an explicit exchange about certain terms of the settlement agreement, Plaintiff could have reasonably relied on counsel's statements. *See Boyd*, 2023 WL 4450138, at *6. For that reason, "the release may be invalid under Wisconsin law because it was entered into by virtue of a mutual or unilateral mistake 'coupled with fraud or inequitable conduct.'" *Id.* (quoting *Hennig v. Ahearn*, 230 Wis. 2d 149, 165, 601 N.W.2d 14, 22 (Ct. App. 1999)).

As such, the Court finds that additional information is necessary to decide the issue at hand. The Court will therefore schedule a videoconference evidentiary hearing for **December 22, 2025 at 9:00 a.m. (CST)**. The hearing will proceed by Zoom, and the Court will email Zoom connection information to counsel for Defendant prior to the hearing. Defendant shall make all necessary arrangements for Plaintiff to attend the hearing.

Finally, the Court will deny Plaintiff's motion for contempt and motion for an order, ECF Nos. 81, 85, without prejudice. The basis and the relief Plaintiff seeks for his motion for contempt is not clear. An evidentiary hearing will bring light to the issues, and Plaintiff may renew his motions with more information later, if necessary.

Accordingly,

**IT IS ORDERED** that the Court will conduct an evidentiary hearing via videoconference on **December 22, 2025 at 9:00 a.m. (CST)**; Defendant shall make all necessary arrangements for Plaintiff to attend the hearing; and

**IT IS FURTHER ORDERED** that Plaintiff's motion for contempt, ECF No. 81, and motion for an order, ECF No. 85, be and the same are hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge